UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFF SZWED and TIMOTHY GRAVITT | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No.: |
| v. | ) |
| | ) |
| D&G TRANSMISSION AND | ) |
| AUTO REPAIR, INC and | ) |
| GORDON CAMERON | ) |
| | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES Plaintiffs JEFF SZWED and TIMOTHY GRAVITT ("Plaintiffs"), by and through their attorneys, and for their Complaint against Defendants D&G TRANSMISSION AND AUTO REPAIR, INC and GORDON CAMERON state as follows:

**Nature of the Action**

1. Plaintiffs brings this claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105 *et seq* and Illinois Wage Payment and Collections Act ("IWPCA") 820 ILCS 115 *et seq*. and for Common Law Assault and Battery.

**Parties**

2. Plaintiffs worked at the Defendants' transmission and auto repair shop in Lockport, Illinois. They are both residents of the state of Illinois.

3. Defendant D&G Transmission and Auto Repair, Inc. is an Illinois corporation in the business of repairing and rebuilding transmissions.

1

4. At all material times hereto, Defendants were the "employer" of Plaintiffs as defined in the FLSA, 29 U.S.C. § 203(d), the IMWL, and the IWPCA, 820 ILCS § 115/2.

5. At all material times hereto, Plaintiffs were employed by Defendants as an "employee" within the meaning of § 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1) and within the meaning of the IMWL and the IWPCA, 820 ILCS § 115/1 *et seq.*

## Jurisdiction and Venue

6. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1337 and by 29 U.S.C § 216(b).

7. From at least 2017 to the present, D&G Transmission and Auto Repair, Inc. was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in 29 U.S.C. § 203(r) and 203(s).

8. Venue is proper in this Judicial District as all the events arising out of this case arose in this Judicial District.

## Factual Background

9. Plaintiffs worked for Defendants within the past three years.

10. The Plaintiffs helped service vehicles and rebuild transmissions for trucks and cars that were brought to the Defendants' transmission store.

11. Plaintiffs were paid on what purported to be a salary basis.

12. The Plaintiffs, however, were not exempt from the overtime provisions of the FLSA or the IMWL.

13. Plaintiffs performed their job responsibilities for Defendants in the State of Illinois.

14. The Plaintiffs regularly worked between 50 and 70 hours per week for the Defendants. They, however, were not paid overtime premiums as required by the law.

15. For one example, during the weekending of 5/29/2020 Szwed was paid at a salary of $980 and Gravitt was paid $1350. Both worked approximately 50 hours. Thus, Szwed should have received an overtime premium of $9.80 for each hour worked over 40 hours during the workweek and Gravitt should have received an overtime premium of $13.50. As such, Szwed was underpaid approximately $98.00[1] and Gravitt was underpaid approximately $135.00[2] in overtime wages during that week.

16. The individual Defendant has encouraged, permitted, and required Plaintiffs to work without properly paying them for all time worked.

17. By willfully misclassifying their employees, the Defendants received benefits in the form of extra hours worked without overtime compensation.

18. The Defendants failed to record the actual number of hours worked by the Plaintiffs.

19. Therefore, the reasonable estimates of the Plaintiffs as to the number of hours they worked are presumed as accurate and true.

## COUNT I – FAIR LABOR AND STANDARDS ACT

20. Plaintiffs hereby realleges and incorporates paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

21. At all relevant times, Defendant employed and/or continued to employ Plaintiffs within the meaning of the FLSA.

---

[1] The regular rate is $19.60 ($19.60 per hour = $980 / 50 hours); the overtime premium is $9.80 ($9.80 = .5 *$19.60 per hour); and the underpayment is $98.00 ($9.80 per hour * 10 overtime hours).
[2] The regular rate is $27 ($27 per hour =$1350 / 50 hours); the overtime premium is $13.50 ($13.50= .5 *$27 per hour); and the underpayment is $135 ($13.5 per hour * 10 overtime hours).

22. Under the FLSA, Plaintiffs were entitled to be paid at the overtime rate by Defendants for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate.

23. Defendants instead willfully misclassified the Plaintiffs.

24. This resulted in employees, including Plaintiffs, being paid at a rate less than one and one-half times their regular rate of pay for hours worked over forty in a work week, in violation of the FLSA.

25. Upon information and belief, Defendant's practices were not based upon Defendant's review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

26. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C. §216(b).

WHEREFORE, the Plaintiffs requests the following relief, individually and on behalf of similarly situated employees:

A. Certification of a Class of similarly situated Plaintiffs;

B. A declaratory judgment that Defendant willfully violated the provisions of the FLSA as to the Plaintiffs and the Class

C. Compensation in the amount of the owed wages for all time worked by Plaintiff and the Class;

D. An additional amount equal as liquidated damages;

E. Prejudgment interest;

    F.    A judgment to Plaintiffs for reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

    G.    Such other and further relief as this Court deems appropriate and just.

## **COUNT II – ILLINOIS MINIMUM WAGE LAW**

27. Plaintiffs hereby realleges and incorporates paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

28. Under the IMWL, Plaintiffs were entitled to be paid at the overtime rate by Defendant for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate.

29. Plaintiffs were regularly permitted, encouraged and/or required to work in excess of 40 hours per week but was not compensated at the required one and one-half times his regular rate for such overtime work.

30. This resulted in employees being paid at a rate less than one and one-half times their regular rate of pay for hours worked over forty in a work week, in violation of the IMWL.

31. By failing to pay overtime compensation due to Plaintiffs, Defendants willfully, knowingly, and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of similarly situated employees:

    A.    A declaratory judgment that Defendant violated the minimum wage provisions of the IMWL as to the Plaintiffs;

    B.    A declaratory judgment that Defendant's violations of the IMWL were willful;

    C.    A judgment to Plaintiffs in the amount of unpaid wages;

E.     A judgment to the Plaintiffs of punitive damages as provided by IMWL;

F.     A judgment to Plaintiffs and those similarly situated of reasonable attorneys' fees and costs incurred in filing this action; and

G.     Such other and further relief as this Court deems appropriate and just

### COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTIONS ACT

32.     Plaintiff hereby realleges and incorporates paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

33.     The foregoing actions of Defendant constitutes violations of the Illinois Wage Payment and Collections Act (IWPCA). Defendant's actions were willful and not in good faith.

34.     This count arises from Defendant's violation of the IWPCA, 820 ILCS 115. 820 ILCS §115/4 provides in part that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

35.     The Defendants failed to pay out all accrued vacation at the time of separation as required by the IWPCA.

### COUNT IV – COMMON LAW ASSAULT AND BATTERY
(Jeff Szwedd v. Gordon Cameron Only)

36.     Plaintiff hereby realleges and incorporates paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

37.     Gordon Cameron was regularly intoxicated when he came to work.

38.     Often when he was intoxicated, Gordon Cameron would grab Jeff Szwedd's buttock.

39. Jeff Szwedd repeatedly protested and told Gordon Cameron to stop grabbing him; in fact, he once even spoke with Gordon Cameron's spouse to request that it stop.

40. Gordon Cameron refused to stop grabbing Jeff Szwedd's buttock.

41. Gordon Cameron acted with intent to cause harmful and offensive contact, and harmful contact did result.

42. Plaintiff did not consent to any contact, at any time.

43. WHEREFORE, Plaintiff requests the following relief:

   A) An amount to be determined at trial to compensate Plaintiff for physical and mental injury together with interest and costs as allowed by law;

   B) Punitive damages; and

   C) Such other and further relief as this Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

Dated: January 11, 2021                                          Respectfully submitted,

                                                                 By:  /s/ DRAFT FOR SETTLEMENT PURPOSES ONLY
                                                                      One of Plaintiff's attorneys

David J. Fish
John Kunze
Kim Hilton
THE FISH LAW FIRM, P.C.
200 E. 5th Ave., Suite 123
Naperville, IL 60563
T: 630-355-7590
F: 630-778-0400
docketing@fishlawfirm.com